UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA McINTOSH, on behalf of T.L.A.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                         /

Case No. 12-10361

Honorable Denise Page Hood

**ORDER ACCEPTING REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT
and DISMISSING ACTION**

    This matter is before the Court on Magistrate Judge Lauri J. Michelson's Report and Recommendation **[Doc. No. 13, filed November 6, 2012]**. Objections and a response to the objections have been filed.

    Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

Plaintiff raises two objections: 1) the Magistrate Judge's finding that substantial evidence exists to support the ALJ's finding that T.L.A. had demonstrated no limitations in the critical "domains" fails to properly conduct the substantial evidence review; and, 2) the Magistrate Judge's finding that any error was "harmless" is not appropriate and should be rejected. The Commissioner filed a response to Plaintiff's objections.

The Court overrules both objections asserted by Plaintiff. As noted by the Magistrate Judge, there were merits to Plaintiff's argument that the ALJ's findings of "no" limitation in the domain of acquiring and using information was not correct, but that the record strongly supports that T.L.A. was "less-than-markedly" limited in the acquiring and using information domain. The Magistrate Judge concluded that taking the evidence as a whole, there exists a preponderance of the evidence which may support a finding that T.L.A. had some limitations in the domain of attending and completing tasks. The Magistrate Judge found that the entire record falls "well short" of establishing that T.L.A. was markedly or extremely limited in this domain as argued by Plaintiff. As to the domain of interacting and relating with others, the Magistrate Judge held that the ALJ's conclusion that T.L.A. had no limitation was supported by substantial evidence. Based on the overall review of the record, the Magistrate Judge concluded that remand was not necessary because of any erroneous subsidiary findings by the ALJ and any such findings were harmless. The Magistrate Judge found that the ALJ would reaffirm the broader determination that T.L.A. did not functionally equal a listing. The Magistrate Judge noted that the ALJ made explicit findings giving "significant weight" to the only opinion in the record that rated T.L.A.'s functional domains which found that T.L.A. had at least "less-than-marked" limitations in all six domains.

The Court has had an opportunity to review this matter and finds that the Magistrate Judge

reached the correct conclusion for the proper reasons. This Court does not have the authority to reweigh the factual evidence before the ALJ if the ALJ's decision is supported by substantial evidence. The Court agrees with the Magistrate Judge that the ALJ properly considered Plaintiff's medical records and that the ALJ's findings were properly supported with substantial evidence.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Laurie J. Michelson **[Doc. No. 13, filed November 6, 2012]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 8 and 9, filed June 11, 2012]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 12, filed August 20, 2012]** is **GRANTED**. The Commissioner's decision is AFFIRMED.

**IT IS FURTHER ORDERED** that Plaintiff's Objection **[Doc. No. 14, filed November 20, 2012]** is OVERRULED.

**IT IS FURTHER ORDERED** this action is DISMISSED with prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: January 31, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

3